```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                        ELKINS
```

**ABB CONSTRUCTION, LLC,**
*Doing business as* **ACCELERATED CONSTRUCTION SERVICES,**

    **Plaintiff,**

**v.**	                              **Civ. Action No. 1:23-CV-34**
                                                        **(Judge Kleeh)**

**ANITA ALLEN,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 6]

Pending before the Court is *Defendant's Motion to Dismiss* [ECF No. 6], which moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3); or transfer this action to the United States District Court for the Western District of Pennsylvania; or dismiss the Complaint [ECF No. 3] under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, Defendant's motion [ECF No. 6] is **GRANTED**.

### I.    INTRODUCTION

On March 20, 2023, Plaintiff ABB Construction, LLC d/b/a Accelerated Construction Services ("ABB Construction" or "Plaintiff") filed suit against Anita Allen ("Ms. Allen" or "Defendant") in the Circuit Court of Monongalia County, West Virginia. ECF No. 3. The Complaint alleges that Ms. Allen was unjustly enriched and acted in concert with her husband, Michael

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS [ECF NO. 6]**

Allen, to wrongfully obtain money from ABB Construction. Id. On March 23, 2023, Defendant was served by personal process at her residence in Irwin, Pennsylvania. Id. Defendant subsequently removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. ECF No. 1. On May 5, 2023, Ms. Allen filed *Defendant's Motion to Dismiss* and supporting memorandum [ECF No. 6]. Plaintiff responded in opposition on May 19, 2023. ECF No. 7. Defendant's reply was filed on May 26, 2023. ECF No. 8. Defendant's Motion to Dismiss [ECF No. 6] is fully briefed and is the subject of this Memorandum Opinion and Order.

## II.  FACTS

Plaintiff ABB Construction is a limited liability company authorized to do business in West Virginia. ECF No. 3, Compl. at ¶ 1. Ms. Allen is a Pennsylvania resident. ECF No. 3. Specifically, Defendant lives at 2080 St. Ann Common, Irwin, Pennsylvania 15642. Id.

Plaintiff alleges that Defendant's husband, Michael Allen, engaged in a scheme to embezzle money from ABB Construction in Monongalia County, West Virginia. ECF No. 3, Compl. at ¶¶ 3,4. As part of the scheme, Defendant is alleged to have knowingly received funds stolen from Plaintiff. Id. at ¶ 6. Plaintiff further alleges that Ms. Allen concealed stolen funds. Id. at ¶¶ 7,8. For example, Defendant received a 5-karat ring purchased with the embezzled

funds and received multiple checks under her former name, "Anita Lampus." Id. In total, Plaintiff claims that Defendant received $771,500.00 in funds that rightfully belonged to ABB Construction. Id. at ¶ 11. Mr. Allen pled guilty to embezzling funds from ABB Construction. Id. at ¶ 4.

Defendant subsequently filed this separate civil suit against Ms. Allen on March 20, 2023, seeking return of the subject funds and for forfeiture of assets commonly owned with her husband. Id. at ¶ 13. Process server Greg Lewis served Defendant with the Complaint and Summons at her Pennsylvania residence on March 23, 2023. ECF No. 3.

### III. LEGAL STANDARD

When a defendant files a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the ultimate burden of showing that jurisdiction exists by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, where a court makes a Rule 12(b)(2) determination without a hearing and based only on the written record, as the Court does here, the plaintiff need only put forth a prima facie showing of jurisdiction "by pointing to affidavits or other relevant evidence." Henderson v. Metlife Bank, N.A., No. 3:11-cv-20, 2011 WL 1897427, at *6 (N.D. W. Va. May 18, 2011); see also

Case 1:23-cv-00034-TSK   Document 19   Filed 01/09/24   Page 4 of 9   PageID #: 103

ABB CONSTRUCTION. LLC v. ALLEN                                        23-CV-34
**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS [ECF NO. 6]**

New Wellington Fin. Corp., 416 F.3d at 294. The Court must then "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." New Wellington Fin. Corp., 416 F.3d at 294; see also 5B Wright & Miller, Federal Practice and Procedure § 1351 (3rd. ed.).

Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Importantly as a result, for a district court to have jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) must be authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)).

West Virginia's long-arm statute § "56-3-33 names the Secretary of State as attorney-in-fact for a nonresident defendant

who has committed one of the enumerated statutory acts.[1] The Secretary of State's acceptance of service is the legal equivalent of personally serving that nonresident in the state." Canada Pipeline Accessories, Co. v. Canalta Controls, Ltd., 2013 WL 3233464, at *10 (S.D.W. Va. June 25, 2013).

"Courts have uniformly rejected the argument that *in personam* jurisdiction can be obtained over a nonresident defendant by means of personal or constructive service." Leslie Equip. Co. v. Wood Res. Co., 224 W. Va. 530, 534-35, 687 S.E.2d 109, 113-14 (2009).

> In a civil suit *in personam* jurisdiction over the defendant, as distinguished from venue, implies, among other things, either voluntary appearance by him or service of process upon him at a place where the officer serving it has authority to execute a writ of summons. Under the general provisions of law, a United States district court cannot issue process beyond the limits of the district . . .; and a defendant in a civil suit can be subjected to its jurisdiction in personam only by service within the district.

---

[1] West Virginia's long-arm statute provides jurisdiction in a West Virginia court when a defendant is: (1) transacting business in the State; (2) contracting to supply services or things in the State; (3) causing injury by an act or omission in the State; (4) regularly doing or soliciting business, engaging in a persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered in the State; (5) causing injury by breach of warranty expressly or impliedly made in the sale of goods outside the State; (6) having an interest in, using, or possessing real property in the state; or (7) contracting to insure any person, property, or risk located within the State at the time of contracting. W. Va. Code § 56-3-33(a)(1)-(7).

Fabian v. Kennedy, 333 F. Supp. 1001, 1005 (N.D.W. Va. 1971) (emphasis added). "By statutory design, compliance with the service of process procedures set forth in West Virginia Code § 56-3-33 expressly authorizes the exercise of personal jurisdiction over nonresident defendants by the courts of [West Virginia]." Leslie Equip. Co., 224 W. Va. at 536, 687 S.E.2d at 115. In contrast:

> Rule 4 of the West Virginia Rules of Civil Procedure does not provide that constructive service on a nonresident defendant has the same force of law as personal service effected in state. As a result, *in personam* jurisdiction does not arise by operation of law when a nonresident defendant is constructively served with process pursuant to the provisions of Rule 4 of the West Virginia Rules of Civil Procedure.

Id.; see also Barnes v. Int'l Amateur Athletic Fed'n, 862 F.Supp. 1537, 1540-41 (S.D.W. Va. 1993)(dismissing case and finding constructive service of process insufficient to confer personal jurisdiction over defendant); Teachout v. Larry Sherman's Bakery, Inc., 158 W.Va. 1020, 216 S.E.2d 889, 891 (1975) (recognizing well-established rule that service of process outside state on nonresident defendant does not confer personal jurisdiction over the defendant); Fabian, 333 F.Supp. at 1005 ("No statute or rule of the State of West Virginia, pursuant to Rule 4(e), Federal Rules

of Civil Procedure, provides that *in personam* jurisdiction can be had over a non-resident served outside the state.").

Accordingly, "[a] plaintiff who wants to effect personal jurisdiction over a nonresident defendant must comply with statutory processes." State ex rel. Monster Tree Serv., Inc. v. Cramer, 244 W. Va. 355, 366, 853 S.E.2d 595, 606 (2020).

### IV.  DISCUSSION

This Court lacks personal jurisdiction over Ms. Allen because Defendant was not served in compliance with the service of process procedures set forth in West Virginia's long-arm statute. As evidenced by the state court summons and the Monongalia County Circuit Court records, Ms. Allen was served in person on March 23, 2023, at her home in Irwin, Pennsylvania. ECF No. 3. Section 56-3-33 requires nonresident defendants to be served through the West Virginia Secretary of State to create personal jurisdiction. Because Plaintiff failed to serve the Summons and complaint upon the Secretary of State, this Court does not have *in personam* jurisdiction over Ms. Allen.

Rather, serving Ms. Allen at her Pennsylvania residence amounts only to constructive service because she is not a West Virginia resident. W. Va. R. Civ. P. 4(f). "Courts have uniformly rejected the argument that *in personam* jurisdiction can be obtained over a nonresident defendant by means of personal or constructive

service." Leslie Equip. Co. 224 W. Va. at 535, 687 S.E.2d at 114 (2009). See 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1061 at p. 319 (3rd ed. 2002) (observing that "although valid service under Rule 4 provides appropriate notice to persons against whom claims are made, it does not ensure that the defendant is also within the *in personam* jurisdiction power of the ... court."). The constructive service of process, here, is insufficient to confer the Northern District of West Virginia personal jurisdiction over Defendant.

For these reasons, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.[2]  Ms. Allen's motion to dismiss also presents alternate and additional grounds for relief: dismissal based upon Defendant's lack of minimum contacts with West Virginia; dismissal for improper venue; transfer to the Western District of Pennsylvania; or dismissal for failure to state a claim upon which relief may be granted. As noted previously, this Court finds that it has no personal jurisdiction over the

---

[2] "[A] dismissal for lack of personal jurisdiction is not considered an adjudication on the merits and therefore does not warrant dismissal with prejudice." Progressive Mins. LLC v. Rashid, 2008 WL 4416408, at *6 (N.D.W. Va. Sept. 24, 2008); see also Shelton v. Crookshank, 2017 WL 9565841, at *5 (N.D.W. Va. Nov. 17, 2017), report and recommendation adopted, 2018 WL 527423 (N.D.W. Va. Jan. 24, 2018), aff'd as modified, 742 F. App'x 782 (4th Cir. 2018).

Case 1:23-cv-00034-TSK   Document 19   Filed 01/09/24   Page 9 of 9   PageID #: 108

ABB CONSTRUCTION. LLC v. ALLEN                                23-CV-34
**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS [ECF NO. 6]**

Defendant because she was not served in compliance with § 56-3-33, and therefore does not reach the other grounds for dismissal.

## V.    CONCLUSION

For the reasons discussed above, Plaintiff's Complaint [ECF No. 3] is **DISMISSED WITHOUT PREJUDICE**. The Motion to Dismiss is **GRANTED** [ECF No. 6].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:**    January 9, 2024


_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA